UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARCUS LOMAX | * | CIVIL ACTION |
| | * | |
| *versus* | * | NO. |
| | * | |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC and M/V ROSS SALVAGGIO | * * * | JUDGE<br><br>MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

NOW INTO COURT, through undersigned counsel, comes plaintiff, MARCUS LOMAX, a person of the full age of majority and a resident of the State of Alabama, who for his complaint against defendants, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC and M/V ROSS SALVAGGIO, respectfully avers as follows:

I.

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391 (b) (1). This action is within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h).

II.

Made defendants herein are:

1. MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, a Delaware limited liability company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment in

Louisiana located at 5525 Mounes St., Harahan, Louisiana 70123 and at all times pertinent hereto, the employer of the plaintiff, MARCUS LOMAX, and the owner, owner *pro hac vice*, charterer and/or operator of the M/V ROSS SALVAGGIO and/or employer of the personnel who operate the M/V ROSS SALVAGGIO.

2. The M/V ROSS SALVAGGIO is a vessel with unknown whereabouts. Plaintiff requests that service of process on the M/V ROSS SALVAGGIO be held in abeyance.

III.

MARCUS LOMAX was at all times pertinent hereto and more specifically on or about May 29, 2015, an employee of MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC and a member of the crew of the M/V ROSS SALVAGGIO, performing his duties as a seaman, specifically a tankerman, aboard said vessel, and the Defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. § 30104 and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the “savings to suitors” clause of the United States Constitution.

IV.

On or about May 29, 2015, MARCUS LOMAX was working for Defendant MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, as a tankerman aboard the M/V ROSS SALVAGGIO, when he sustained serious injuries to his head, face, mouth, neck and back due to Defendants’ negligence. The injury occurred after Defendants instructed Plaintiff to buff the underside of an overhead deck with a grinder. The subject grinder had no handle and Plaintiff was not provided with appropriate safety equipment. The subject grinder kicked and struck Plaintiff in the face, resulting in serious injuries.

V.

Defendants were negligent in one or more of the following respects, to-wit:

a. failing to provide equipment that was safe and appropriate for the work;

b. failing to provide adequate safety equipment;

c. failing to properly train their employees;

d. failing to assign an appropriate number of workers to a job task;

e. their employees' negligent instructions and orders;

f. other negligent acts or omissions to be proven at trial.

VI.

On or about the aforementioned date, the M/V ROSS SALVAGGIO was unseaworthy due to her appurtenances not being reasonably safe for their intended purposes.

VII.

MARCUS LOMAX was in no manner negligent in causing the above described accident or his resulting injuries.

VIII.

As a proximate result of the above described incident, MARCUS LOMAX sustained personal injuries to his face, teeth, jaw, neck, back and body. It has been necessary for MARCUS LOMAX to pay or incur reasonable and necessary medical expense in the past and it is probable that he will incur reasonable and necessary medical expenses in the future for the treatment of his injuries in the future. MARCUS LOMAX has sustained physical pain and suffering and mental anguish and physical impairment in the past and will continue to suffer physical pain and mental anguish and physical impairment into the future. MARCUS LOMAX has suffered physical impairment in the past and will continue to suffer physical impairment in the future. MARCUS

LOMAX has suffered past lost wages and future loss of earning capacity. MARCUS LOMAX now brings this action for the recovery of past and future medical expenses, past and future physical pain and suffering and mental anguish, and past and future wage loss and past and future physical impairment.

IX.

MARCUS LOMAX repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which he received while in the course and scope of his employment aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about May 29, 2015. Pursuant to the General Maritime Laws of the United States of America, Defendant, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, has an absolute and non-delegable duty or obligation to provide MARCUS LOMAX with maintenance and cure benefits from the date of his injury until he reaches full recovery or maximum medical improvement.

X.

Thus, the Defendant, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, is indebted unto MARCUS LOMAX for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from May 29, 2015 until such time as he reaches maximum medical improvement, or such amount as MARCUS LOMAX proves to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

XI.

In addition, if Defendant, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, has refused and/or failed to timely pay MARCUS LOMAX'S maintenance and cure benefits and said refusal/failure to do so is willful, wanton, arbitrary, capricious and/or otherwise without cause, then Defendant, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, is additionally liable unto MARCUS LOMAX for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

WHEREFORE PREMISES CONSIDERED, Plaintiff MARCUS LOMAX prays that Defendants MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC and M/V ROSS SALVAGGIO be cited and required to appear and answer herein and that upon final hearing hereof, Plaintiff have and recover judgment against Defendants including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees; and for such other and further relief to which he may show himself justly entitled, at law and in equity.

Respectfully submitted,

/s/ Kristi A. Post
LAWRENCE BLAKE JONES (7495)
KRISTI A. POST (17752)
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
E-mail: kpost@nola-law.com
*Attorneys for Marcus Lomax*

**PLEASE SERVE:**

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**
**Through their registered agent for service of process:**
**Cossich, Sumich & Parsiola, LLC**
**8397 Hwy. 23**
**Belle Chasse, LA 70037**