**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARCUS LOMAX,**<br><br>***Plaintiff.***<br><br>**v.**<br><br>**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC.**<br>**and**<br>**M/V ROSS SALVAGGIO**<br><br>***Defendant.*** | **CIVIL ACTION: 2:16-cv-17825**<br><br>**JUDGE: Jane Triche Milazzo**<br><br>**MAGISTRATE: Karen Wells Roby**<br><br>**SECTION: "H" (4)** |

**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Defendant, Marquette Transportation Company Gulf-Inland, LLC

(hereafter "Marquette" or "Defendant"), and responds to the Plaintiff, Marcus Lomax's Original Complaint (hereafter "Lomax" or "Plaintiff"), upon information and belief, as follows:

**FIRST DEFENSE**

Plaintiff's Original Complaint fails to state a claim or cause of action upon which relief can be granted.

**SECOND DEFENSE**

Marquette denies any liability to the Plaintiff for the injuries alleged in this Original Complaint, including, but not limited to, any liability allegedly arising under the Jones Act, the General Maritime Law, for maintenance and cure, or for any other type or cause of action.

**THIRD DEFENSE**

For answer to the specific allegations of Plaintiff's Original Complaint, Marquette responds as follows:

**I.**

Marquette reasonably believes the claim alleged in the Original Complaint falls within the admiralty jurisdiction of the Court because it involves allegations of personal injury on a vessel in navigation and that venue is proper. Marquette acknowledges that Plaintiff desires to bring an action within the admiralty and maritime jurisdiction of the Court pursuant to Fed. R. Civ. P. 9(h). This is a statement of law and therefore does not require a response from Marquette.

**II.**

1. It is admitted that Marquette Transportation Company Gulf-Inland, LLC is a Limited Liability Company with its principal place of business in Harahan, Louisiana and was the employer of Plaintiff on the date of the incident in question. It is admitted that Marquette was the owner of the M/V ROSS SALVAGGIO on the date of the incident in question. Marquette denies the remainder of the allegations in Paragraph 1 for lack of sufficient information upon which to form a belief as to the truth thereof.

2. The allegations in Paragraph 2 do not require a response from Marquette. To the extent a response is deemed necessary, Marquette denies the truth of the allegations for lack of sufficient information upon which to form a belief as to the truth thereof.

**III.**

Marquette admits that Lomax was employed by Marquette on or about May 29, 2015. Marquette acknowledges that Plaintiff desires to bring an action under the Jones Act, General Maritime Law and the "savings to suitors" clause of the United States Constitution. These are

statements of law and therefore do not require a response from Marquette. The remaining allegations of fact contained in Paragraph III are denied for lack of sufficient information upon which to form a belief as to the truth thereof.

**IV.**

The allegations of Paragraph IV are denied. Further, Marquette calls for strict proof of all alleged damages.

**V.**

The allegations of Paragraph V and all subparts a through f are denied.

**VI.**

The allegations of Paragraph VI state conclusions of law for which an answer is not required; however, to the extent the Plaintiff suggests any liability of the Defendant for unseaworthiness, the same allegations are denied.

**VII.**

The allegations of Paragraph VII are denied.

**VIII.**

Marquette denies the allegations in Paragraph VIII of the Original Complaint, and calls for strict proof of all items of alleged damage. In particular, Marquette maintains that it has paid maintenance and cure and satisfied this obligation.

**IX.**

Marquette denies the allegations alleged in Paragraph IX of the Original Complaint. Marquette has and continues to comply with any obligations related to maintenance and cure.

**X.**

Marquette denies the allegations alleged in Paragraph X of the Original Complaint. Marquette has and continues to comply with any obligations related to maintenance and cure.

**XI.**

Marquette denies the allegations contained in Paragraph XI of the Original Complaint, and all remaining allegations. Nothing contained in the Original Complaint itself would justify an award of "penalties" or "attorney's fees." Consequently, the Prayer for relief is unduly vague and subject to interpretation and is therefore denied. Marquette has and continues to satisfy any obligations for maintenance and cure and denies any entitlement to punitive damages related to same.

Marquette denies any and all allegations in the Original Complaint not specifically admitted herein, including any allegations in any unnumbered paragraphs and the Prayer.

**FOURTH DEFENSE**

Marquette pleads all rights and limitations accruing to it under the United States Shipowner's Limitation Act.

**FIFTH DEFENSE**

Pleading in the alternative and with full reservation of the foregoing defenses, Marquette avers that to the extent the Plaintiff has failed to mitigate his damages, his recovery should be reduced accordingly.

**SIXTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette avers that any injury allegedly sustained by the Plaintiff, which is denied, resulted from his own fault, inattention to duty or breach of his own employment obligations and, therefore, any recovery to which the Plaintiff is entitled, which is denied, should be either barred or proportionately reduced as a result of same.

**SEVENTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette specifically avers that the vessel upon which Mr. Lomax alleges injury was maintained in reasonably safe condition and was reasonably fit for its intended purpose and that there was no unseaworthy condition aboard the vessel. Marquette is not obligated to maintain an accident-free vessel, and the recovery sought by the Plaintiff should be denied.

**EIGHTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette avers that at all times it acted in a reasonably prudent manner and provided to the Plaintiff a reasonably safe work environment and that neither Marquette nor any of its employees or crewmembers acted negligently or below the standard of reasonable care, and given that Marquette is not liable to the Plaintiff simply for the allegation or even occurrence of an injury, the recovery sought by the Plaintiff should be denied in its entirety.

**NINTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette avers that it is entitled to an offset and credit of any amount which it has previously funded, paid, advanced or provided to the Plaintiff.

**TENTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette avers that Plaintiff failed to properly disclose his background medical information in applications for employment and continued this pattern of conduct in connection with his representation of his physical condition and complaints to his employer and to his treating physicians and that any

recovery to which he may be entitled for maintenance and cure, negligence or unseaworthiness, all of which is denied, should be barred or reduced proportionately.

**ELEVENTH DEFENSE**

Pleading in the alternative and with full reservation of its foregoing defenses, Marquette reserves the right to amend or supplement this Answer as further information becomes available to it during the course of discovery in this litigation.

WHEREFORE, Defendant, Marquette Transportation Company Gulf-Inland, LLC, respectfully prays that the foregoing Answer be deemed sufficient and, that after due proceeding be had, the claims of the Plaintiff, Marcus Lomax, be dismissed, with prejudice, and at Plaintiff's cost. Further, Defendant prays for all general and equitable relief as the nature of the case may permit.

Respectfully submitted, this 17th day of February, 2017.

MARQUETTE TRANSPORTATION COMPANY,
GULF-INLAND, LLC

BY: SCIALDONE LAW FIRM, PLLC

*/s/ Anne S. Warren*

John A. Scialdone, LA Bar # 21859
John S. Garner, LA Bar #25314
Anne S. Warren, LA Bar #23356
Laurence R. DeBuys IV, LA Bar #14202
SCIALDONE LAW FIRM, PLLC
2505 14th Street, Suite 500
Gulfport, MS 39501
Post Office Drawer 4080 (39502)
Telephone: (228) 822-9340
Facsimile: (228) 822-9343
*Attorneys for Marquette Transportation Company, Gulf-Inland, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Anne S. Warren*